IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE GAMEZ,

    Petitioner,

v.  No. 1:18-cv-00079 JCH/KRS

DANIEL FAJARDO, *Warden*,
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

Before the Court is Jose Gamez's habeas corpus petition under 28 U.S.C. § 2254 (Doc. 1). Gamez asks the Court to vacate his sentence for second degree murder based on, inter alia, ineffective assistance of counsel. For the reasons below, the Court will require Gamez to pay the $5.00 filing fee for this action and show cause why his petition should not be dismissed as untimely.

In February 2010, Gamez pled guilty to second degree murder in New Mexico's Seventh Judicial District Court, case no. D-725-CR-2008-00089.[1] He was sentenced to 12 years imprisonment. *See* Doc. 1, p. 1. The Judgment on his conviction and sentence was entered on March 1, 2010. *Id.;* Final Judgment in Case No. D-725-CR-2008-00089. Gamez did not file an appeal. *Id.* The Judgment therefore became final no later than April of 2010, when the appeal period expired. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (explaining that a petitioner's judgment become final for purposes of § 2254 when the time for seeking state appellate

---

[1] The Court took judicial notice of the state court criminal docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records ... and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir. 2003) (unpublished) (finding that a state district court's docket sheet was an official court record subject to judicial notice under Fed. R. Evid. 201).

review expires); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the judgment). About six years later on April 28, 2016, Gamez filed a state habeas corpus petition. The State Court denied the petition on June 6, 2017, and the New Mexico Supreme Court ("NMSC") denied his petition for writ of certiorari on July 25, 2017. *See* Doc. 1, p.2; NMSC Case no. S-1-SC-35980. On January 24, 2018, Gamez filed the federal § 2254 petition.

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1)    While a state habeas petition is pending, § 2244(d)(2);

(2)    Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)    Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)    Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

It appears that the one-year limitation period had expired well before Gamez filed his § 2254 petition. Further, the filing of his state habeas petition after the expiration of the one-year limitation period did not - as Gamez may believe - restart that period or otherwise immunize the untimely federal petition. *See Gunderson v. Abbott*, 172 Fed. App'x. 806, 809 (10th Cir. 2006)

(unpublished) ("A state court [habeas] filing submitted after the … deadline does not toll the limitations period."). The Court will therefore require Gamez to show cause within thirty (30) days of entry of this Order why his habeas petition should not be dismissed as untimely. The Court will also require Gamez to pay the $5.00 filing fee for this action or, alternatively, file an application to proceed *in forma pauperis*. Failure to timely comply or otherwise show cause may result in dismissal of the habeas action without further notice. *See Hare v, Ray,* 232 F.3d 901 (10th Cir. 2000) (the district court may *sua sponte* dismiss an untimely Section 2254 petition where the petitioner fails to identify circumstances that would support tolling).

IT IS THEREFORE ORDERED that, within thirty (30) days of entry of this Order, Gamez must: (1) File a response showing cause, if any, why his § 2254 habeas petition should not be dismissed as untimely; <u>and</u> (2) Prepay the $5.00 filing fee for this action or, alternatively, file an application to proceed *in forma pauperis*.

IT IS FURTHER ORDERED that the Clerk shall mail to Gamez a copy of the form Application to Proceed *In Forma Pauperis.*

_____
UNITED STATES DISTRICT JUDGE