**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOSE GAMEZ,

    Petitioner,

v.                                                               No. 1:18-cv-00079 JCH/KRS

DANIEL FAJARDO, *Warden*,
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Jose Gamez's habeas corpus petition under 28 U.S.C. § 2254 (Doc. 1, supplemented by Doc. 6). Gamez asks the Court to vacate his state murder conviction based on, inter alia, ineffective assistance of counsel. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will dismiss the petition as untimely.

**I. Background**

In February 2010, Gamez pled guilty to second degree murder in New Mexico's Seventh Judicial District Court, case no. D-725-CR-2008-00089.[1] He was sentenced to 12 years imprisonment. *See* Doc. 1 at 1. Judgment on his conviction and sentence was entered on March 1, 2010. *Id.;* Final Judgment in Case No. D-725-CR-2008-00089. In accordance with the plea agreement, Gamez did not file an appeal. *Id.;* Doc. 6 at 1. The Judgment therefore became final no later than April of 2010, when the appeal period expired. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (explaining that a petitioner's judgment becomes final for purposes of § 2254

---

[1] The Court took judicial notice of the state court criminal docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records ... and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir. 2003) (unpublished) (finding that a state district court's docket sheet was an official court record subject to judicial notice under Fed. R. Evid. 201).

when the time for seeking state appellate review expires); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the judgment).

About six years later in April 2016, Gamez filed a state habeas corpus petition. *See* NTC: Notice in case no. D-725-CR-2008-00089. The state court denied the petition on June 6, 2016, and the New Mexico Supreme Court ("NMSC") denied his petition for writ of certiorari on July 26, 2017. *See* Doc. 1 at 2; NMSC case no. S-1-SC-35980. On January 24, 2018, Gamez filed the federal § 2254 petition.

## II. Discussion

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

The petition reflects the one-year period expired no later than April, 2011 (*i.e.,* one year the Judgment became final), and Gamez filed his § 2254 petition over six years later on January 24, 2018. By a Memorandum Opinion and Order entered February 9, 2018, the Court directed Gamez to show cause why his § 2254 petition should not be dismissed as untimely. *See* Doc. 2. Gamez filed a Response on February 22, 2018. *See* Doc. 4. He notes: "I did believe the one-year

limitation period … restart[ed] after my filing/decision of the State Habeas [Court]….” *Id.* at 1. However, as the Court explained in its previous Order, "[a] state court filing submitted after the … [one-year] deadline does not toll the limitations period." *Gunderson v. Abbott*, 172 Fed. App'x. 806, 809 (10th Cir. 2006) (unpublished). *See also Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (noting the petitioner could not taking advantage of tolling "for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after … the end of the limitations period.…"). Gamez is therefore not entitled to relief under § 2244(d)(2).

The Response also appears to seek equitable tolling. Gamez argues: (1) the Federal Public Defender would not assist with the habeas petition; (2) he had limited access to education, research materials, and the applicable rules of procedure; and (3) the Federal Court would not provide information about how to file a § 2254 petition. *See* Doc. 4 at 1-2. Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances…." *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). He must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition. *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998).

The Tenth Circuit has held that the lack of counsel is "not an extraordinary circumstance … because there is no federal constitutional right to counsel in collateral proceedings." *Weibley v. Kaiser*, 50 Fed. App'x 399, 403 (10th Cir. 2002). *See also Marsh,* 223 F.3d at 1220 (lack of timely assistance from prison legal access attorney insufficient to support equitable tolling). Mere allegations "of insufficient access to relevant law … are [similarly] not enough to support equitable

3

tolling." *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000). *See also Miller,* 141 F.3d at 978 ("It is not enough to say that the … facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate"); *Parker v. Jones*, 2008 WL 63304 (10th Cir. 2008) (holding mere allegations regarding lack of access to library cannot support equitable tolling). Gamez has not explained what, if any, resources he requested, nor has he alleged that he tried to obtain the resources prior to the expiration of the one-year limitation period. His claims regarding lack of legal assistance and materials therefore fail.

Finally, it is well established that the Court cannot give legal advice. *See Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (noting the "court cannot take on the responsibility of serving as the litigant's attorney"). Equitable tolling is therefore not warranted based on the lack of assistance from the Court, and the petition must be dismissed as untimely. *See* 28 U.S.C. § 2244(d)(1)(A). The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as Gamez failed to make a substantial showing that he has been denied a constitutional right.

IT IS ORDERED that Jose Gamez's habeas corpus petition under 28 U.S.C. § 2254 (Doc. 1, supplemented by Doc. 6) is DISMISSED WITH PREJUDICE; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE